EBENEZER I. NUTTER and others *vs.* STEPHEN TAYLOR and others.

Oxford. Opinion November 30, 1886.

*Referees. Practice. View. Objections to report. Exceptions. Surveyor. Costs.*

When objections to the report of referees are based upon facts outside the record, the alleged facts must be proved to the court to sustain the objections to the report. Exceptions to the ruling of the court upon such objections must show that the alleged facts were proved.

An agreement as to the manner and place of hearing by referees, appointed by rule of court, is not binding, if it was not entered of record or embraced in the rule. When the parties do not agree upon the time and place of hearing the referees may determine the same.

Where the question before referees relates to real estate they may or not in

their discretion view the premises, and their determination, honestly made in regard to the necessity of a view, is final.

Regularly it is for the court and not the referees to fix the compensation of a surveyor, appointed by the court in the case. But where the referees allow the charges of the surveyor, that part of their report will not be rejected, when there is no suggestion that the charges thus allowed were unreasonably large in amount.

ON EXCEPTIONS.

An action of trover to recover the value of certain spruce trees.

The opinion states the essential facts upon the questions presented by the exceptions.

*D. R. Hastings* and *David Hammons*, for the plaintiffs.

*Bisbee and Hersey*, for the defendants.

Morse, in his work on Arbitration, page 436, says: "If an arbitrator unreasonably refuses to hear a competent witness, it is such gross misconduct as to vacate the award for such refusal is against natural justice."

By the thirty-second rule of this court, the defendants had an undoubted right to be heard on the question of costs and on allowing any portion of the surveyor's bill. The defendants had a right to inspect the items, and to object in open court to any portion or all, but were deprived of that right, as the referees took it out of the hands of the court and allowed a gross sum. 48 Maine, 409.

The referees had no right to include said surveyor's bill in their award. Their action in so doing is a clear excess of their power, and such an excess of power as makes it the plain duty of this court to examine into the same and reject said report. 48 Maine, 546-7.

It is insisted that the defendants must fail because they furnished no proof of the facts upon which they rely. But it would seem that the judge ruled the facts immaterial. It must be understood that the defendants were to establish the facts asserted in their motion, and that they would have done it, if, in the opinion of the presiding justice, it would have been of any avail. The plaintiff, if he denied the existence of the alleged

facts, should have contested them, if the judge would have permitted it, and then, if the defendant failed in his proofs, the report would have been accepted without objection. *Black* v. *Hickey*, 48 Maine, 545.

LIBBEY, J. When the report of the referees was offered in court for acceptance, the defendants filed their objections thereto in writing, assigning three reasons therefor. The objections were overruled and exceptions taken.

The first objection is, in substance, that prior to the commencement of the action, the reference was agreed upon by two of the plaintiffs and one of the defendants, that a part of the agreement was that the " referees, in determining the same," (the case) " should view the premises and hear the parties at Byron," and that the defendants were induced to agree to refer by the agreement as to view and place of hearing. They allege that after the rule was delivered to the referees, the plaintiffs refused to carry out this part of the agreement, and that the referees to whom the question was submitted, appointed and held the hearing at Bethel. They further allege that the referees did not view the premises, although they requested them to do so.

This objection is based on alleged facts outside of the record, and to sustain the exceptions to the ruling of the court, the case should show that the facts were proved or admitted. Neither appears, nor does it appear that any evidence was offered. We think this is a good answer to the exception on this point.

But assuming that the facts were proved as alleged, we think the ruling right. The agreement was executory; it was made before the action was commenced. It was not brought to the knowledge of the court when the reference was entered, but the reference was entered of record without regard to it. If the defendants wished to avail themselves of its benefits, it should have been entered of record, and embodied in the rule, that the action of the referees might be governed by it. In the absence of it, it was the duty of the referees, if the parties did not agree, to fix the time and place of hearing. It was also their duty, after hearing the evidence and the parties, to determine whether

a view was required, or would give them further light in regard to the merits of the case. In the absence of fraud or improper conduct on the part of the referees in discharging those duties, their determination is final and conclusive. No fraud or improper conduct on the part of the referees is alleged or claimed in argument.

The second objection is, that the evidence was not sufficient to prove a joint conversion by the defendants. This was an issue for the determination of the referees, and their decision is final.

The third objection is, that the referees awarded that the plaintiffs recover the amount paid the surveyor for his services and expenses in surveying the lines in dispute for the parties. He was appointed and commissioned by the court for that purpose. Regularly his compensation should be fixed by the court, after the return of his commission, and taxed as a part of the costs of court. But it was in the power of the referees to award in regard to the costs of court, (R. S., c. 82, § 120,) and they have stated in their report the amount awarded as paid the surveyor, in separate items. This part of the award might have been rejected without affecting the rest of it, if it had been alleged or claimed that the amount allowed was excessive; and the amount would then have been fixed by the court. But there is no suggestion that the amount allowed is excessive. If it is not, and was paid by the plaintiffs, it is immaterial whether it be fixed by the court or determined by the referees. It does not appear that the defendants were aggrieved by the ruling on this point.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.